IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRELL LYNELL HORACE, #658474, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-3519-N-BK |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge.  Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging disciplinary action number 20120106356, which found him guilty of possession of contraband. (Doc. 3 at 5). The disciplinary case resulted in 15 days of recreation restriction, 45 days of commissary restriction, and reduction in Petitioner's custodial classification.  *Id.*  For the reasons that follow, it is recommended that the petition be summarily dismissed.  *See* Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts ("If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[1]

---

[1] Although venue for this habeas corpus action is more appropriate in the Wichita Falls Division where Petitioner is confined and the disciplinary violation occurred, *see* 28 U.S.C. § 2241(d), it is more efficient to summarily dismiss than to transfer the case.  Moreover, during the past two months, the Wichita Falls Division has summarily denied two other actions filed by Petitioner on the same grounds.  *See Horace v. Thaler*, Nos. 7:12-CV-126-O, 7:12-CV-107-O (N.D. Tex., Wichita Falls Div. 2012) (denying habeas petition challenging prison disciplinary action because no liberty interest was at issue).

Petitioner does not present a cognizable basis for habeas corpus relief. *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)) ("Federal habeas relief cannot be had 'absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'"). Petitioner contends that he was denied due process protection in the course of his disciplinary case. (Doc. 3 at 6-20). His petition, however, fails to identify a liberty interest protected by the Due Process Clause. *See Madison* v. *Parker,* 104 F.3d 765, 767 (5th Cir. 1997) (citing *Sandin* v. *Conner,* 515 U.S. 472, 484 (1995)).

Petitioner does not have a protected liberty interest in the temporary loss of recreation and commissary privileges. *See Madison,* 104 F.3d at 768 (commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life). Likewise, Petitioner does not have a protected liberty interest in his prison custodial classification or in his good-time earning status. *See Malchi*, 211 F.3d at 958-59 (effect of a change in a prisoner's good-time earning status on the timing of his release on mandatory supervision is too speculative to afford him a constitutionally cognizable "right" to a particular time-earning status); *see also Luken* v. *Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest).

In addition, Petitioner concedes that he did not lose any previously earned good time credits as a result of the disciplinary action. (Doc. 3 at 5 ¶ 18). Therefore, he has no constitutionally protected liberty interest at stake. *See Madison,* 104 F.3d at 768 (holding that

state may create a constitutionally protected liberty interest requiring a higher level of due process where previously earned good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to his prison disciplinary proceeding.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice.

SIGNED August 30, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE